IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CUBAN CIGAR BRANDS, N.V.,**<br>5900 North Andrews Avenue<br>Fort Lauderdale, Florida 33309<br><br>           Plaintiff,<br><br>v.<br><br>**VALLE GRANDE LIMITADA,**<br>Balmaceda No. 1500<br>Isla de Maipo<br>Chile<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Cuban Cigar Brands, N.V. ("CCB"), as and for its Complaint against Defendant, Valle Grande Limitada ("Defendant"), alleges as follows:

### INTRODUCTION

1.  This is an action under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1), seeking judicial review of a final decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board (the "TTAB") dated August 9, 2007, as allowed to stand by the TTAB's Order dated June 17, 2008 on CCB's Motion for Reconsideration, in the trademark opposition captioned *Cuban Cigar Brands, N.V. v. Valle Grande Limitada*, Opposition No. 91165277.

2.  CCB owns a family of MONTECRISTO trademarks for a wide variety of goods and services, including, but not limited to, "cigars," "cocktail lounge, bar and restaurant services," "alcoholic beverages," and "ground and whole bean coffee."

3. Defendant seeks to register the mark MONTECRISTO for "olive oil" and "vinegars and balsamic vinegar."

4. CCB appeals the TTAB's determination that Defendant's MONTECRISTO mark, as used or intended to be used for such goods, is not likely to cause confusion with one or more of CCB's previously adopted and used family of MONTECRISTO trademarks, and that Defendant's mark will not dilute CCB's famous MONTECRISTO trademarks.

## PARTIES

5. Plaintiff CCB is a corporation organized and existing under the laws of the Netherlands Antilles, having an office at 5900 North Andrews Avenue, Fort Lauderdale, Florida 33309.

6. Altadis U.S.A. Inc. ("Altadis U.S.A.") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5900 North Andrews Avenue, Fort Lauderdale, Florida, 33309. CCB has granted Altadis U.S.A. an exclusive license to use the trademarks, trade names, trade dress, service marks and brand names associated with MONTECRISTO brand cigars in the United States.

7. CCB is a wholly-owned subsidiary of Altadis U.S.A. CCB brings this action on behalf of itself, its licensee, Altadis U.S.A., and its parents Altadis U.S.A. and Altadis Holdings U.S.A. (collectively, "Altadis U.S.A. Group").

8. Upon information and belief, Defendant Valle Grande Limitada is a corporation of Chile having an address at Balmaceda No. 1500, Isla de Maipo, Chile.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to Section 21 of the Lanham Act, 15 U.S.C. § 1071(b).

10. This Court has personal jurisdiction over Defendant pursuant to 15 U.S.C. § 1071(b)(4) and because Defendant, by filing an application to register a mark with the United States Patent and Trademark Office, has purposely availed itself of the laws of this jurisdiction.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 1071(b)(4).

## STATEMENT OF FACTS

12. Plaintiff CCB is the owner of:

(a) The MONTE CRISTO & Crossed-Sword Design trademark and U.S. federal trademark registration number 0,332,324 for "cigars, cigarettes and cut tobacco" in International Class 34 on the Principal Register;

(b) The MONTECRISTO trademark and U.S. federal trademark registration number 1,173,547 for "cigars" in International Class 34 on the Principal Register. Registration No. 1,173,547 is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065;

(c) The Crossed-Sword Design trademark and U.S. federal trademark registration number 1,459,466 for "cigars" in International Class 34 on the Principal Register;

(d) The MONTE CRISTO trademark and U.S. federal trademark registration number 2,304,416 for "desk sets, desk pads, pens, stands for pens and pencils" in International Class 16, for "golf balls" in International Class 28 and for "cigar cases not of precious metal" in International Class 34 on the Principal Register;

(e) The MONTE CRISTO trademark and U.S. federal trademark registration number 2,236,889 for "cologne, after shave lotion" in International Class 3, for "cuff links" in International Class 14, for "wallets" in International Class 18 and for "bathrobes, scarves, headwear" in International Class 25 on the Principal Register;

(f) The MONTECRISTO trademark and U.S. federal trademark registration number 2,396,980 for "hat ornaments not of precious metal" in International Class 26, for "ashtrays not of precious metal" in International Class 34 and for "credit card services" in International Class 36 on the Principal Register;

(g) The MONTECRISTO trademark and U.S. federal trademark registration number 2,623,858 for "cocktail lounge, bar and restaurant services; night clubs" in International Class 42 on the Principal Register;

(h) The MONTECRISTO trademark and U.S. federal trademark registration number 2,594,564 for "alcoholic beverages" in International Class 33 on the Principal Register;

(i) The MONTECRISTO trademark and U.S. federal trademark registration number 2,855,557 for "ground and whole bean coffee" in International Class 30 on the Principal Register;

(j) The MONTECRISTO trademark and U.S. federal trademark registration number 3,154,457 for "pipe tobacco" in International Class 34 on the Principal Register;

(k) The MONTE CRISTO trademark and U.S. federal trademark registration number 1,435,633 for "men's clothing, namely, suits, topcoats, overcoats, slacks and sport jackets" in International Class 25 on the Principal Register;

(l) THE WORLD OF MONTECRISTO & Design trademark and U.S. federal trademark registration number 2,555,239 for "cigars, little cigars, pipe tobacco, roll-your-own cigarette tobacco and smokeless tobacco" in International Class 34 on the Principal Register;

(m) The WORLD OF MONTECRISTO trademark and U.S. federal trademark registration number 2,673,772 for "cigars, little cigars, pipe tobacco, roll-your-own cigarette tobacco and smokeless tobacco" in International Class 34 on the Principal Register;

(n) The MONTECRISTO LE CIGARE DES ARTS trademark and U.S. federal trademark registration number 2,423,694 for "cigars, little cigars, pipe tobacco, roll-your-own cigarette tobacco and smokeless tobacco" in International Class 34 on the Principal Register; and

(o) The MONTECRISTO CASINO trademark and U.S. federal trademark registration number 2,872,359 for "cigars" in International Class 34 on the Principal Register. (collectively, the "MONTECRISTO trademarks").

13. MONTECRISTO cigars are manufactured in the Dominican Republic by Altadis U.S.A.'s subsidiary Tabacalera de Garcia ("TdG"), pursuant to a license granted by CCB. The cigars are imported, promoted and distributed within the United States by Altadis U.S.A.

14. The MONTECRISTO trademarks were developed and first used by CCB's predecessor, Menendez Garcia y Compania Limitada ("M&G"), a Cuban limited liability company. Upon information and belief, M&G commenced use of the MONTECRISTO trademarks in the United States at least as early as July 25, 1935 in connection with premium cigars. From their inception, M&G's MONTECRISTO cigars were considered among the finest premium cigars in the world.

15. CCB is the successor-in-interest to M&G, having purchased M&G's U.S. rights and goodwill in the MONTECRISTO trademarks in 1976.

16. Upon information and belief, CCB's predecessors-in-interest used the MONTECRISTO trademarks in the U.S. continuously until some time after the Castro government nationalized the Cuban cigar industry in 1960, following the Cuban revolution. Upon information and belief, CCB reintroduced the MONTECRISTO brand after its predecessor M&G successfully litigated with the Cuban government over the ownership of the U.S. rights in the marks. The MONTECRISTO trademarks were reintroduced in 1978.

17. Since the inception of their use, the MONTECRISTO trademarks have been used

by the Altadis U.S.A. Group and their predecessors-in-interest only in connection with the finest quality premium cigars and licensed merchandise. MONTECRISTO cigars are considered to be among the finest premium cigars available in the United States, and they are sold throughout the United States. MONTECRISTO cigars have been extensively advertised and are among the most prestigious cigar brands available in the United States, are highly coveted by cigar aficionados and are used by the media as a symbol of luxury and excellence.

18. CCB's MONTECRISTO trademarks are used on packaging for MONTECRISTO cigars and other licensed goods and services, in advertisements, on the Internet and in other forums.

19. CCB's MONTECRISTO trademarks are inherently distinctive to the public and the trade and serve primarily as designators of origin of Altadis U.S.A.'s products.

20. CCB is actively engaged in the development of MONTECRISTO merchandise and in selective licensing of the MONTECRISTO trademark. CCB has licensed the MONTECRISTO trademark in connection with, *inter alia*, cocktail lounge, bar and restaurant services, alcoholic beverages and coffee.

21. As a result of the widespread use and display of CCB's MONTECRISTO brand cigars: (a) the public and the trade use the MONTECRISTO trademarks to identify and refer to CCB's MONTECRISTO brand; (b) cigars marked with these trademarks are recognized by the trade and the public as high quality premium cigars emanating from a single source; and (c) these trademarks have built up secondary meaning and extensive goodwill.

22. Through long-term use and controlled marketing, the MONTECRISTO trademarks have become highly distinctive and strongly associated in the United States with cigars and other goods and services of the highest quality emanating from a single source. Therefore, it is highly likely that distributors, retailers and consumers will assume that olive oil

6

and vinegars called "Montecristo" are associated with CCB's MONTECRISTO brand.

23. On March 29, 2004, Defendant filed U.S. trademark application serial number 78/392,366 to register the mark MONTECRISTO for use in connection with "olive oil" and "vinegars and balsamic vinegar." That application was published in the *Official Gazette* of the United States Trademark Office on January 18, 2005.

24. Upon information and belief, Defendant has made no use of MONTECRISTO as a trademark in the United States.

25. Defendant's goods are related to the goods sold and provided in connection with CCB's MONTECRISTO trademarks and/or represent a natural zone of expansion for CCB and such goods would travel and/or be promoted through the same channels of trade for sale to, and use by, the same class of purchasers.

26. Defendant's MONTECRISTO mark is exactly the same in appearance, sound and commercial impression to CCB's registered and famous MONTECRISTO trademarks.

27. Thus, Defendant's use of MONTECRISTO as a trademark for "olive oil" and "vinegars and balsamic vinegar" is likely to cause confusion, mistake or deception as to the source of origin of Defendant's products in that the public, the trade and others are likely to believe that Defendant's products are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to CCB's MONTECRISTO brand cigars and/or licensed goods and services.

## FIRST CAUSE OF ACTION

## APPEAL OF TTAB DECISION

28.  CCB repeats and realleges the allegations set forth in paragraphs 1 through 27 as though fully set forth herein.

29.  On May 17, 2005, CCB timely filed a Notice of Opposition to Defendant's application to register the MONTECRISTO mark.

30.  On August 9, 2007, the TTAB rendered a decision dismissing CCB's Opposition.

31.  On September 10, 2007, CCB timely filed a Motion for Reconsideration of the TTAB's August 9, 2007 decision.

32.  On June 17, 2008, the TTAB denied CCB's Motion for Reconsideration.

33.  The TTAB erred in dismissing the Opposition and allowing registration of Defendant's MONTECRISTO mark. The decision is contrary to the evidence submitted to the TTAB and is in conflict with controlling principles of law. Given the strength and fame of CCB's family of MONTECRISTO marks, there is a strong likelihood of confusion between CCB's mark and Defendant's mark.

34.  Many of CCB's MONTECRISTO marks are individually famous, and collectively serve as exteremely strong indicators of source. The MONTECRISTO trademarks are distinctive and famous and had become famous prior to the acquisition of any rights Defendant may claim in MONTECRISTO as a mark.

35.  Use of the MONTECRISTO mark by Defendant will cause dilution of the distinctive quality of CCB's famous MONTECRISTO trademarks.

36.  CCB will be damaged by the registration sought by Defendant because such registration would support and assist Defendant in use of the mark and thereby dilute CCB's rights in its distinctive and famous MONTECRISTO trademarks.

## PRAYER FOR RELIEF

WHEREFORE, CCB prays:

1. That the Court will vacate the August 9, 2007 and June 17, 2008 decisions of the TTAB in *Cuban Cigar Brands, N.V. v. Valle Grande Limitada*, Opposition No. 91165277, and adjudge that Defendant is not entitled to registration of MONTECRISTO as a trademark for use in connection with the goods described in U.S. trademark application serial number 78/392,366;

2. That the Court, in accordance with §§ 21(b) and 37 of the Lanham Act, 15 U.S.C. §§ 1071(b) and 1119, authorize and direct the Commissioner of Trademarks to deny Defendant's application to register MONTECRISTO as a trademark, U.S. trademark application serial number 78/392,366;

3. That Plaintiff be awarded its attorneys' fees and other costs incurred in this action; and

4. For such other and further relief as this Court deems just and equitable.

Dated: August 18, 2008

                                              Respectfully submitted,

                                              _/s/ Frank M. Northam_
                                              Frank M. Northam, Esq.
                                              D.C. Bar No. 206110
                                              John W. Hazard, Jr.
                                              WEBSTER, CHAMBERLAIN & BEAN
                                              1747 Pennsylvania Avenue, N.W.
                                              Washington, D.C. 20006
                                              Tel. (202) 785-9500
                                              Fax (202) 835-0243

                                              *Of counsel*:

                                              Charles W. Grimes
                                              Russell D. Dize
                                              Susan M. Schlesinger
                                              GRIMES & BATTERSBY, LLP
                                              488 Main Avenue, Suite 300
                                              Norwalk, Connecticut 06851-1008
                                              Tel: 203-849-8300
                                              Fax: 203-849-9300

                                              Attorneys for Plaintiff
                                              Cuban Cigar Brands, N.V.

E
08-1435-
JDB

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

CUBAN CIGAR BRANDS, N.V.,
5900 North Andrews Avenue
Fort Lauderdale, Florida 33309

### DEFENDANTS

VALLE GRANDE LIMITADA,
Balmaceda No. 1500
Isla de Malpo
Chile

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Webster, Chamberlain & Bean
1747 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006
(202) 785-9500

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-01435
Assigned To : Bates, John D.
Assign. Date : 8/18/2008
Description: General Civil

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

◉ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 U.S.C. Section 1071 - objection to trademark registration

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒  If yes, please complete related case form.

DATE Aug. 18, 2008    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.